UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HALL,<br><br>Plaintiff,<br><br>-against-<br><br>ROBERT CRUZ (SGT); JHON DOE 1 (CO); JHON DOE 2 (CO); JANE DOE 1 (NURSE); DOCTOR DOE 1 (GENDER UNKNOWN); ASSISTANT DEPUTY CHIEF INVESTIGATOR WHITNEY (O.S.I.); FISHKILL SUPPERINTENDENT DOE,<br><br>Defendants. | **ORDER OF SERVICE**<br><br>26-CV-09017 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at Upstate Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated at Fishkill Correctional Facility. Named as defendants are (1) Sergeant Robert Cruz; (2) two "Jhon Doe" correction officers; (3) a Jane Doe nurse; (4) a John/Jane Doe doctor ("Doctor Doe"); (5) Assistant Deputy Chief Investigator Whitney of the New York State Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigations ("OSI"); and (6) the Superintendent of Fishkill Correctional Facility (together, "Defendants"). The Court construes the complaint as asserting constitutional claims under Section 1983 of excessive force, failure to provide adequate medical care, and failure to investigate Plaintiff's complaints. By order dated November 19, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Doc. 7).[1] For the reasons

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff initially submitted a prisoner authorization that only allowed the court to collect a partial fee. By order dated October 16, 2026, Chief Judge Swain directed

set forth below, the Court (1) dismisses Plaintiff's claims against Whitney, Doctor Doe, and the Superintendent, with leave to replead; (2) directs service on Sergeant Cruz; (3) requests that DOCCS assist Plaintiff and the Court in identifying the "Jhon Doe" correction officers and Jane Doe nurse Plaintiff seeks to sue; and (4) directs Defendants to comply with Local Civil Rule 33.2.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Claims against Whitney

Plaintiff alleges that Whitney, who is the Assistant Deputy Chief Investigator of the OSI, failed to adequately investigate a complaint he or his family filed with respect to his having allegedly been assaulted by correction officers and denied medical care. The Court construes Plaintiff's allegations as attempting to assert claims under the Due Process Clause of the Fourteenth Amendment. The Court must dismiss those claims.

---

Plaintiff to file an updated prisoner authorization. (Doc. 5). The court received Plaintiff's updated prisoner authorization on November 6, 2026. (Doc. 6).

"[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Consistent with that principle, courts within this Circuit have repeatedly held that "[t]here is . . . no constitutional right to an investigation by government officials." *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (collecting cases). Nor is a prison official's failure to investigate, or adequately investigate, a prisoner's complaints actionable under Section 1983. *See Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008) (holding that "a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim"); *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (holding that officials' failure to "properly address" the plaintiff's grievances "by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process"); *see also Renelique v. Duncan*, No. 03-CV-01256, 2007 WL 1110913, at *14 (N.D.N.Y. Apr. 12, 2007) (dismissing claim that DOCCS Inspector General failed to investigate an alleged assault reported in a prisoner's complaint letter because the prisoner "has no constitutional right to an investigation"). Plaintiff therefore cannot state a Section 1983 claim against Whitney arising from the alleged failure to properly investigate his complaints.

Plaintiff also asserts that Whitney was "p[u]rposly trying to cover up my injuries and staff ass[a]ulting me." (Doc. 1 at 6.) This assertion is wholly conclusory, and the Court need not accept it as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's only factual basis for this assertion is that Whitney found his allegations to be unsubstantiated.

Disagreement with the outcome of an investigation does not plausibly suggest that the investigator acted to conceal wrongdoing.

The Court therefore dismisses Plaintiff's Section 1983 claims against Whitney for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims against Whitney in an amended complaint.

**B. Claims against Doctor Doe**

The Court construes Plaintiff's allegations as attempting to assert a claim against Doctor Doe for providing inadequate medical care. To establish a constitutional claim for inadequate medical care under the Eighth Amendment, a plaintiff must show that correctional officials were deliberately indifferent to the plaintiff's serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Charles v. Orange Cnty.*, 925 F.3d 73, 82 (2d Cir. 2019). Courts evaluate deliberate indifference under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, a plaintiff must show that the defendants knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a challenge based

on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

For purposes of this order, the Court assumes, without deciding, that Plaintiff's fractured finger and rib injury were sufficiently serious to satisfy the objective component. Plaintiff's allegations nevertheless do not satisfy the subjective component as to Doctor Doe.

Plaintiff alleges that Doctor Doe misread an X-ray and failed to identify Plaintiff's finger fracture. (*See* Doc. 1 at 6.) A misreading of an X-ray or a misdiagnosis, without more, is precisely the type of negligent diagnosis that "does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106; *see Hill*, 657 F.3d at 123. Plaintiff's allegation that he later consulted a specialist who read the X-rays differently suggests, at most, a difference of opinion between medical professionals or an error by the first provider—not that Doctor Doe was actually aware of a fracture or other serious injury and consciously chose to disregard it. *See Chance*, 143 F.3d at 703.

Because Plaintiff's allegations against Doctor Doe suggest, at most, negligence or medical malpractice, the Court dismisses Plaintiff's Section 1983 claims against Doctor Doe for failure to state a claim on which relief may be granted.[2] *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii). The Court grants

[2] To the extent Plaintiff seeks to assert a state-law claim of negligence or medical malpractice against Doctor Doe, such a claim is barred in this court. Section 24 of the New York Correction Law provides that state courts lack jurisdiction over civil actions for damages against DOCCS employees "in their personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee," and that such claims must be brought in the New York Court of Claims as claims against the State. N.Y. Correct. Law § 24(1)-(2). Federal courts apply Section 24 to state-law claims brought against DOCCS employees under the court's supplemental jurisdiction. *See Baker v. Coughlin*, 77 F.3d 12, 15-16 (2d Cir. 1996). Because Plaintiff alleges that Doctor Doe was employed at Fishkill Correctional Facility and that the challenged conduct occurred in the course of the doctor's duties there, any state-law claim against Doctor Doe arising from that conduct must be brought in the New York Court of Claims, and is thus dismissed.

Plaintiff 30 days' leave to replead his Section 1983 claims against Doctor Doe in an amended complaint.

**C. Claims against Superintendent of Fishkill**

Plaintiff's principal claim against the Superintendent is that his response to Plaintiff's grievance contained a false statement and that Plaintiff's grievance and appeal were not properly processed. (*See* Doc. 1 at 6-7, 9.) Prisoners have no constitutional right to state grievance procedures, to a response to a grievance, or to have a grievance processed or decided correctly. *See Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) (summary order) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) (inmate grievance programs "are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"). Plaintiff's allegations that the Superintendent's response to his grievance included misstatements and that his appeals went unanswered therefore do not state a claim under Section 1983.

Nor does the Superintendent's role in deciding Plaintiff's grievance establish the Superintendent's personal involvement in the underlying assault. A supervisory official cannot be held liable under Section 1983 merely because of a high position of authority, *see Iqbal*, 556 U.S. at 676; *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020), and "affirm[ing] the denial of [a] plaintiff's grievance . . . is insufficient to establish personal involvement," *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002). Plaintiff alleges no facts suggesting that the Superintendent participated in, directed, or was aware in advance of the April 5, 2024 use of force. The Court therefore dismisses Plaintiff's Section 1983 claims against the Fishkill Superintendent for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims against the Superintendent in an amended complaint.

**D. Service on Cruz**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Sergeant Robert Cruz through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**E. *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the two "Jhon Doe" correction officers whom

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Plaintiff alleges used excessive force against him on April 5, 2024, and the Jane Doe nurse whom Plaintiff alleges refused to provide him with medical care on April 9, 2024. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity and, if applicable, badge number of each "Jhon" and Jane Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the Complaint amended once the proper parties are identified. Additionally, the Court will, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the properly-named defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**F. Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court dismisses Plaintiff's Section 1983 claims against Whitney, Doctor Doe, and the Superintendent of Fishkill for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. Any amended complaint filed will replace, not supplement, the original complaint. An amended complaint form that Plaintiff may complete is attached to this Order.

The Clerk of Court is instructed to issue a summons for Defendant Sergeant Robert Cruz, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to New York State Attorney General's Office, Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 25, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Sergeant Robert Cruz
Fishkill Correctional Facility
18 Strack Drive
Beacon, NY 12508